Brian N. Platt (USB 17099)
BPlatt@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple, Suite 100
Salt Lake City, UT 84111
Telephone: (801) 533-9800

Ian R. Walsworth (pro hac vice)
Ian.walsworth@fisherbroyles.com
Telephone: (303) 803-6158
Patricia Y. Ho (pro hac vice)
Patricia.ho@fisherbroyles.com
Telephone: (303) 875-8709
FISHERBROYLES LLP
999 18th St., Ste 3000
Denver, CO 80202

*Attorneys for Defendants Eteros Technologies Inc. &
Eteros Technologies USA, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FRAZER INDUSTRIES LLC, a Washington limited liability company<br><br>        Plaintiff,<br><br>vs.<br><br>ETEROS TECHNOLOGIES INC., a Canadian corporation; ETEROS TECHNOLOGIES USA, INC., a Washington corporation,<br><br>        Defendants. | **MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Case No: 2:25-cv-00202- DBP-JCB<br><br>Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead<br><br><br>**JURY TRIAL DEMANDED** |

## <u>MOTION</u>

Defendants Eteros Technologies Inc. and Eteros Technologies USA Inc. (collectively "Eteros"), by and through their undersigned counsel, hereby move the Court for an order dismissing the Complaint of Plaintiff Frazer Industries LLC ("Frazer") pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice.

<u>**MEMORANDUM**</u>

**I.**    <u>**INTRODUCTION**</u>

This case concerns patent infringement. The asserted patent—U.S. Patent No. 11,766,066 (the "'066 Patent") is titled "Systems and Methods for Medicinal Cannabis Harvesting"— and was issued on September 26, 2023. Plaintiff alleges that certain Eteros products infringe the '066 Patent, but its Complaint fails to meet the pleading requirements of *Iqbal* and *Twombly*. As such, it should be dismissed. Plaintiff's infringement allegations are comprised of two website screen shots of animated product images taken from a wide view, and a conclusory assertion that the Eteros' products infringe the '066 Patent.  The Complaint thus fails to identify any patent claims, provide claim charts, or to otherwise show which claims are infringed. It has long been settled that these kinds of conclusory assertions of infringement are insufficient to survive dismissal. Here, Frazer's failure to allege how Eteros products meet any of the claim limitations renders the Complaint speculative and deficient.

More important, as discussed below, any amendment would be futile because Eteros does not make or sell products containing the structural elements required by the claims of the '066 Patent.  A reasonable pre-filing investigation under Rule 11 would have made this apparent. Accordingly, the Complaint should be dismissed with prejudice.

**II.**    <u>**LEGAL AUTHORITY**</u>

**A.  Federal Rule of Civil Procedure 12(b)(6)**

An action may be dismissed when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law," and so "the

law of the regional circuit" applies to such a motion. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). Although "the *Iqbal/Twombly* standard applies to 'all civil actions,' its applicability to patent cases has been interpreted differently among federal courts." *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1008 (D.N.J. 2016). These differences stem largely from the December 2015 abrogation of Rule 84 and Form 18, which previously set the standard for pleading patent infringement claims.

The District of Utah has consistently followed the pleading standards set forth in *Iqbal/Twombly*. For example, in *Modern Font Applications, LLC v. Peak Restaurant Partners, LLC*, the court noted the December 2015 amendments and applied the *Iqbal/Twombly* pleading standard to a patent infringement claim. No. 2:19-cv-221, 2019 WL 3781051, at *1–2 (D. Utah Aug. 12, 2019) (unpublished). Again in *Beer Barrel, LLC v. Deep Wood Brew Products, LLC*, the court found that "[t]he abrogation of Rule 84 mean[t] that the Rule 8 pleading standards as construed by the Supreme Court in . . . *Iqbal* . . . and . . . *Twombly* . . . govern in patent cases," and applied that heightened pleading standard. No. 2:16-cv-440, 2016 WL 5936874, at *3–6 (D. Utah Oct. 12, 2016) (unpublished) (citation omitted).

Under the heightened pleading standard, a complaint must have "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant *is liable for* the misconduct alleged." *Id.* (emphasis added). The complaint must allege more than labels or legal conclusions and its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). Since at least 2015, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Twombly*, 550 U.S. at 557.

Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must go beyond mere recitation of claim elements and include "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). When evaluating whether a claim is facially plausible, "[t]he [c]ourt is not obligated to accept bald assertions or unsupported conclusions" as true where plaintiff has not stated "enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element of a plaintiff's claim." *Forestieri v. Wendover, Inc.*, No. 18-cv-1171(MN), 2019 WL 1786042 at *2 (D. Del. Apr. 24, 2019) (quotations and citations omitted). Further, "a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (quoting *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014)).

### B.  Patent Infringement

Every patent is required to "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention." 35 U.S.C. § 112. The fundamental purpose of a patent is to give notice to others of

that in which the inventor claims exclusive rights, as it is only the *claims* that may be infringed. *Oakley Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331, 1340 (Fed. Cir. 2003). As the Supreme Court articulated over 20 years ago:

> The patent laws 'promote the Progress of Science and useful Arts' by rewarding innovation with a temporary monopoly. The monopoly is a property right; and like any property right, its boundaries should be clear. This clarity is essential to promote progress, because it enables efficient investment in innovation. *A patent holder should know <u>what</u> <u>he</u> <u>owns</u>, <u>and</u> the public should know <u>what</u> <u>he</u> <u>does</u> <u>**not**</u>.* For this reason, the patent laws require inventors to describe their work in 'full, clear, concise, and exact terms,' []as part of the delicate balance the law attempts to maintain between inventors, who rely on the promise of the law to bring the invention forth, and the public, which should be encouraged to pursue innovations, creations, and new ideas beyond the inventor's exclusive rights.

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 730-31 (2002) (internal citations omitted) (emphasis added). "To provide notice, a plaintiff must generally do more than assert that the product infringes the claim; a plaintiff must show how the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements." *Dynamic Data Techs., LLC v. Brightcove Inc.*, No. 19-1190-CFC, 2020 WL 4192613, at *1 (D. Del. July 21, 2020).

Indeed, to establish literal infringement, a patentee "must show that the accused device contains every limitation in the asserted claims." *Mas–Hamilton Grp. v. LaGard, Inc.,* 156 F.3d 1206, 1211 (Fed. Cir. 1998) (citation omitted). "If even one limitation is missing or not met as claimed, there is no literal infringement." *Id.*; *see also London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1538–39 (Fed. Cir. 1991) ("There can be no infringement as a matter of law if a claim limitation is totally missing from the accused device."). These requirements go hand in hand with the statutory requirement to "particularly point[] out and distinctly claim[] the subject matter [of] the invention." 35 U.S.C. § 112.

## II.    **THE INFRINGEMENT ASSERTIONS**

The Complaint encompasses eight (8) pages and only touches upon the products alleged to infringe on 1½ of those pages. *See* Compl. [ECF 2], pp. 5-6 ("BACKGROUND FACTS"). The first product accused is referred to as the "BUCKMASTER / BUCKMASTER PRO" identified by a single image, which is reproduced below:



*Id.*, ¶ 11. A second product, referred to as the "MBX BUCKER," is depicted one time:



*Id.*  Frazer asserts that "at least one of the Eteros Buckers products are encompassed by and infringe at least one of the claims of the '066 Patent." *Id.*, ¶ 13.  The Complaint provides no additional information, technical or otherwise, regarding Eteros' products.

Although Frazer does not identify any claim[1] or claim elements required by the '066 Patent to support its Complaint, claim 1 is reproduced below for illustration[2]:

1. A system for cannabis stem harvesting configured to specifically separate the leaves and buds from the stem comprising:

a frame member;

*a die member* coupled to the frame member, wherein the die member includes a plurality of orifices disposed within a plate;

*a first rotating cylindrical member* coupled to the frame member *substantially adjacent to the die* member *including a first circumferential surface* disposed between two ends;

*a second rotating member* coupled to the frame member *substantially adjacent to the die* member *including a second circumferential surface* disposed between two ends;

wherein *the two rotating members are oriented and supported by the frame member* in *a substantially vertical configuration* defining *a pinch region therebetween* as a region *across which the first and second circumferential surfaces are in the closest proximity* to one another;

*a rotation system* including a motor and power source *coupled to the frame* member *and at least one of the first and second rotating members*; and

---

[1]  Paragraph 10 of the Complaint merely alleges that "A copy of the '066 patent and reexamination certificate is attached hereto as Exhibit A." There is no identification or discussion of any allegedly infringed claim, or claim elements, in Frazer's Complaint.
[2]  The bold, italicized text in claim 1 identifies claim elements that are not apparent or identifiable (i.e., purely speculative) in the two images provided with the Complaint.

wherein the coupling between the die member and the frame member includes disposing

***the plurality of orifices within six inches of the pinch region***.

ECF 2, Exhibit A ("the '066 Patent"), cl. 1 (emphasis added). As demonstrated below, none of

the italicized language required by claim 1 is plausibly met by Frazer's Complaint.

## III.    <u>ARGUMENT</u>

### A.  The Complaint Should Be Dismissed Because It Fails To State A Plausible Claim For Relief.

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails

to state a claim upon which relief may be granted. The only infringement allegations set forth in

the Complaint are the identification of two product images (*see* ECF 2, ¶ 11) and the assertion

that these products directly and indirectly infringe the '066 Patent. *Id.*, ¶ 13 (citing only 35

U.S.C. § 271(a)); *see also id.*, ¶ 13. Based upon these two paragraphs, Frazer concludes that

Eteros is willfully infringing the '066 Patent. The Complaint does not allege any other basis to

plausibly support Frazer's conclusions.

To establish literal infringement, Frazer "must show that the accused device contains

every limitation in the asserted claims" and "[i]f even one limitation is missing or not met as

claimed, there is no literal infringement." *Mas–Hamilton,* 156 F.3d at 1211. Not even the most

favorable reading of the Complaint presents a plausible argument that the Eteros Buckers meet

"at least one of the claims of the '066 patent." *See* Compl., ¶ 13. For example, claim 1 requires

at least ***<u>nine</u>*** elements that aren't discernible (i.e., plausible) from Frazer's Complaint:

"a die member";

"a first rotating cylindrical member…substantially adjacent to the die member";

"[the first rotating cylindrical member] including a first circumferential surface";

"a second rotating member…substantially adjacent to the die member";

"[the second rotating member] including a second circumferential surface";

"two rotating members [] oriented and supported by the frame member in a substantially vertical configuration";

"[the two rotating members] defining a pinch region therebetween as a region across which the first and second circumferential surfaces are in the closest proximity to one another";

"a rotation system…coupled to the frame…and at least one of the first and second rotating members"; and

"[a] plurality of orifices within six inches of the pinch region."

*See* Compl. [ECF 2], Ex. A, cl. 1. Importantly, Frazer doesn't even *allege* that these elements are present in either of the depicted Eteros Buckers. The Complaint does not contain any charts, reference numbers, arrows or other annotations to explain where the components are that correspond to the claim elements, or how those components are oriented, spaced and/or interconnected. The product images, being devoid of rotating members, circumferential surfaces, a rotation system, a die member and a pinch region, highlight the *absence* of the required claim elements Frazer failed to allege, as shown:

 

This type of pleading, without identification of nine separate claim elements, is wholly speculative. For instance, Frazer makes <u>no</u> attempt to compare the '066 Patent claim elements to the Eteros Buckers identified in the Complaint. Frazer has done little more than simply paste images of the Eteros Buckers and state that those products practice "at least one claim" of the '066 Patent. *See Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 489 (D. Del. 2019) (dismissing direct infringement allegations where plaintiff identified accused products, pointed to exemplary materials about the products, and asserted without explanation that those products met each claim element). Eteros and the Court is left with no allegations identifying which claims are infringed, where the required claim elements allegedly exist. The Complaint does not even define which Eteros' products are accused of infringement, as Frazer only alleges "*at least one* of the Eteros Buckers products are encompassed by and infringe at least one of the claims of the '066 patent." ECF 2, ¶ 13. Frazer does not go on to allege which one infringes which claims, or provide a basis for such an allegation. Frazer's allegations do not "connect[] the allegedly infringing product to the claim elements" and thus do not adequately state a claim of direct infringement. *Dynamic Data Techs.*, 2020 WL 4192613, at *1.

Indeed, the Complaint's failure to meet basic patent infringement pleading standards also raises issues as to whether Frazer engaged in a reasonable pre-filing investigation under Rule 11. Although not required, counsel for Eteros met and conferred with counsel for Frazer regarding this Motion and its bases via telephone on July 2, 2025.  No claim chart has ever been provided to Eteros, including in the pre-suit correspondence alleged, and this was discussed during the meet and confer. (*See* Compl, ¶¶ 14-15.)  During that meet and confer, Frazer's counsel could not confirm whether a claim chart for any of the '066 Patent's claims had been prepared or drafted for Eteros Buckers. Counsel for Eteros followed up via email that same day, but received no response.  As of this Motion, Eteros has still not seen or been provided any claim chart for the '066 Patent.  Perhaps Frazer was silent because it hasn't physically inspected the Eteros Buckers, or because it does not know whether any Eteros' products possess each and every element of the '066 Patent's claims. Either of these scenarios would be contrary to Federal Rule of Civil Procedure 11 and Federal Circuit jurisprudence. *See* Fed. R. Civ. P. 11 Adv. Comm. Notes (1993) (impermissible to advocate a claim not warranted under law or fact); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). As it contains only bald conclusions and a formulaic recitation of the elements for infringement, the Complaint should be dismissed.

### B.  Any Amendments To The Complaint Would Be Futile

Federal Rule of Civil Procedure 15 governs amendments to pleadings, and states that leave to amend should be "freely give[n]." Fed. R. Civ. P. 15(a)(2). However, leave to amend should not be granted if any proposed amendment would be futile. *See Great W. Mining & Mineral Co. e. fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010); *see also Joey's Auto*

*Repair & Body Shop v. Fayette Cty.*, 785 F. App'x 46, 51 (3d Cir. 2019) ("Because Plaintiffs' second amended complaint was a futile attempt to correct issues with their first amended complaint, we will affirm the District Court's denial of leave to amend."). An amendment will be futile if it could not survive a motion to dismiss. *Enzo Life Scis., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489 (D. Del. 2003).

Eteros contends that any amendments to the Complaint would be futile, in part because Eteros does not make or sell *any* products having "a first rotating cylindrical member…substantially adjacent to [a] die member", "a second rotating member…substantially adjacent to [a] die member" or "two rotating members [] oriented and supported by [a] frame member in a substantially vertical configuration." It is axiomatic that "[t]here can be no literal infringement where a claim requires [] separate structures and one such structure is missing from an accused device." *Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1255 (Fed. Cir. 2010) (citing *Gaus v. Conair Corp.*, 363 F.3d 1284, 1288-90 (Fed. Cir. 2004)). Here, claim 1 requires "first" and "second rotating member[s]" that are "substantially adjacent to the die member" and further recites requirements of those structures are "oriented and supported by the frame member in a substantially vertical configuration." The Eteros Buckers fail to meet these structural requirements and, as each independent claim of the '066 patent includes these elements, no alternate claim (to claim 1) would fare better. Furthermore, claim construction cannot cure this defect. *See UTTO Inc. v. Metrotech Corp.*, No. 2023-145, 2024 U.S. App. LEXIS 26340 (Fed. Cir. Oct. 18, 2024) (rejecting categorical claim construction bar at the Rule 12(b)(6) stage). For these reasons, Eteros requests that the Court dismiss the Complaint with prejudice.

## IV.    <u>CONCLUSION</u>

For at least the foregoing reasons, Eteros respectfully requests the Court dismiss the Complaint, as Frazer has not demonstrated a plausible basis for relief in its Complaint. Furthermore, Frazer cannot establish infringement of any claim in the '066 Patent, making any attempts to amend the Complaint futile. If it would assist the Court, Eteros respectfully requests the opportunity to present oral argument in support of its Motion.

DATED this 7th day of July 2025.

Respectfully submitted,

FISHERBROYLES LLP

*/s/ Patricia Y. Ho*

Patricia Y. Ho

Ian R. Walsworth (*pro hac vice*)
Patricia Y. Ho (*pro hac vice*)
FISHERBROYLES LLP

Brian N. Platt (USB 17099)
BPlatt@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple, Suite 100
Salt Lake City, UT 84111
Telephone: (801) 533-9800

*Attorneys for Defendants*
Eteros Technologies Inc.
Eteros Technologies USA, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, I electronically filed the foregoing Motion to Dismiss Pursuant to Rule 12(b)(6) with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Trent H. Baker (8799)
BAKER IP PLLC
921 South Main Street #3147 Cedar City, UT 84720
Telephone: (801) 618-3359
trent@bakerip.com

S. Brandon Owen (9971)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Post Office Box 45385
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543 bowen@rqn.com

*Attorneys for Plaintiff Frazer Industries LLC*

*/s/ Patricia Y. Ho*