Brian N. Platt (USB 17099)
BPlatt@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple, Suite 100
Salt Lake City, UT 84111
Telephone: (801) 533-9800

Ian R. Walsworth (pro hac vice)
Ian.walsworth@fisherbroyles.com
Telephone: (303) 803-6158
Patricia Y. Ho (pro hac vice)
Patricia.ho@fisherbroyles.com
Telephone: (303) 875-8709
FISHERBROYLES LLP
999 18th St., Ste 3000
Denver, CO 80202

*Attorneys for Defendants Eteros Technologies Inc. &*
*Eteros Technologies USA, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FRAZER INDUSTRIES LLC, a Washington limited liability company<br><br>    Plaintiff,<br><br>vs.<br><br>ETEROS TECHNOLOGIES INC., a Canadian corporation; ETEROS TECHNOLOGIES USA, INC., a Washington corporation,<br><br>    Defendants. | **ANSWER AND COUNTERCLAIM TO AMENDED COMPLAINT**<br><br>Case No: 2:25-cv-00202- DBP-JCB<br><br>Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead<br><br>**JURY TRIAL DEMANDED** |

Defendants Eteros Technologies Inc. ("Eteros"), and Eteros Technologies USA, Inc. ("Eteros USA") (collectively "Defendants") responds to Plaintiff Frazer Industries LLC's ("Frazer" or "Plaintiff") Amended Complaint and Jury Demand with this Answer and Counterclaim:

## GENERAL DENIAL

Except as expressly admitted herein, Defendants deny each and every allegation contained in Frazer's Amended Complaint and Jury Demand.

## THE PARTIES

1.      Admitted.

2.      Admitted.

3.      Admitted.

## JURISDICTION AND VENUE

4.      Defendants admit the Complaint purports to state claims arising under Title 35 of the U.S. Code, but deny Plaintiff is entitled to any relief alleged in the Complaint.

5.      Defendants deny venue is proper under 28 U.S.C. § 1400(b) and § 1391(b)(1) and (b)(3), and § 1391(c) as Defendants do not have a place of business in this District nor reside in this District.  As for 28 U.S.C. § 1391(b)(2), Defendants deny that a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendants do not make, use, import, or advertise the accused products in this District. Accordingly, Defendants deny their contacts with this jurisdiction are sufficient to subject it to personal jurisdiction in this District.  However, Defendants will submit to this District's jurisdiction for only this action and for its Counterclaims as set forth below.  Defendants otherwise deny they are subject to personal jurisdiction in this District for any other matter.

6.      Defendants deny they have had substantial, continuous, and systematic contacts with the State of Utah to the extent Plaintiff alleges general jurisdiction over Defendants.

7.      Defendants admit they sell products under the TRIMINATOR and MOBIUS brands. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 7.

8.      Defendants admit that Eteros USA owns the TRIMINATOR trademark, but denies the remaining allegations in Paragraph 8.

9.      Defendants deny they regularly transact business in this judicial district. Defendants further deny they sell any of the accused products through Moonlight Garden Supply as alleged in Paragraph 9. Rather, Moonlight Garden Supply sells and offers to sell Defendants' rosin bags, which are not at issue in this action. Defendants further state that contacts with Utah between the two parties appear to be based solely upon the location of Plaintiff's counsel.

**BACKGROUND FACTS**

10.      Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 10 and therefore deny the same.

11.      Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 11 and therefore deny the same.

12.      The '066 Patent as reflected in Exhibit A speaks for itself and Defendants deny any allegations in Paragraph 12 that are inconsistent therewith.

13.      The '066 Patent as reflected in Exhibit A speaks for itself and Defendants deny any allegations in Paragraph 13 that are inconsistent therewith.

14.      The '066 Patent as reflected in Exhibit A speaks for itself and Defendants deny any allegations in Paragraph 14 that are inconsistent therewith.

15.     The '066 Patent as reflected in Exhibit A speaks for itself and Defendants deny any allegations in Paragraph 15 that are inconsistent therewith.

16.     The '066 Patent as reflected in Exhibit A speaks for itself and Defendants deny any allegations in Paragraph 16 that are inconsistent therewith.

17.     The '066 Patent as reflected in Exhibit A speaks for itself and Defendants deny any allegations in Paragraph 17 that are inconsistent therewith.

18.     Defendants admit that they make, use, sell, and/or offer for sale cannabis bucker machines. Defendants further admit that they offer certain products under the BUCKMASTER, BUCKMASTER PRO, or MBX BUCKER marks.  Defendants further state they have insufficient information to identify the source of the images in Paragraph 18 and/or confirm whether those images are of a genuine Buckmaster or Buckmaster Pro, and therefore deny the remaining allegations.

19.     Denied.

20.     Defendants admit the Eteros Buckers are products that may be used for cannabis stem harvesting to separate the leaves and buds from the stem.  Defendants further state that they have insufficient information to identify and/or confirm the veracity of the "FAQ" Plaintiff refers to in Paragraph 20, and therefore deny the remaining allegations.

21.     Denied.  Defendants further state they have insufficient information to identify the source of the images in Paragraph 21 and/or confirm whether those images are of a genuine Buckmaster or MBX Bucker and accordingly deny the allegations on that basis as well.

22.     Denied.  Defendants further state they have insufficient information to identify the source of the images in Paragraph 22 and/or confirm whether those images are of a genuine Buckmaster or MBX Bucker and accordingly deny the allegations on that basis as well.

23.     Denied.  Defendants further state they have insufficient information to identify the source of the images in Paragraph 23 and/or confirm whether those images are of a genuine Buckmaster or MBX Bucker and accordingly deny the allegations on that basis as well.

24.     Denied.  Defendants further state they have insufficient information to identify the source of the images in Paragraph 24 and/or confirm whether those images are of a genuine Buckmaster or MBX Bucker and accordingly deny the allegations on that basis as well.

25.     Denied.  Defendants further state they have insufficient information to identify the source of the images in Paragraph 25 and/or confirm whether those images are of a genuine Buckmaster or MBX Bucker and accordingly deny the allegations on that basis as well.

26.     Denied.  Defendants further state they have insufficient information to identify the source of the images in Paragraph 26 and/or confirm whether those images are of a genuine Buckmaster or MBX Bucker and accordingly deny the allegations on that basis as well.

27.     Denied.

28.     The letter dated October 16, 2018 as reflected in Exhibit B speaks for itself and Defendants deny any allegations in Paragraph 28 that are inconsistent therewith.  Specifically, Defendants deny they received knowledge of the '066 Patent's publication through Exhibit B, which is addressed to a third party, Mosman Machinery Company, Inc. d/b/a The Triminator and Dana Mosman.  All remaining allegations in Paragraph 28 not expressly admitted are denied.

29.    Defendants have insufficient information to confirm or deny the allegations in Paragraph 29 and therefore deny the allegations.  Further, to the extent Paragraph 29 attributes statements to the "former owner of Triminator", that person is a third party not affiliated with Defendants, and Defendants deny they ever made any of the statements in Paragraph 29.

30.    Defendants admit they corresponded periodically with Plaintiff prior to the filing of this action concerning Plaintiff's '066 Patent.  As set forth in the Background section of their Counterclaim, Defendants sent letters addressing the merits of Plaintiff's claim.  Defendants also admit Eteros USA requested an *ex parte* reexamination of the '066 Patent on July 16, 2024, but deny that establishes knowledge of infringement of the '066 Patent.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

**CLAIMS FOR RELIEF**
**Infringement of Frazer's '066 Patent**

40.    Defendants repeat the answers from all foregoing paragraphs as if fully set forth herein.

41.    Denied.

6

42.      Denied.

43.      Denied.

44.      Denied.

45.      Denied.  Defendants further responded to Frazer's claim of infringement of the '066 Patent on the merits in written letters and email correspondence with Frazer.

46.      Denied.

### Indirect Infringement of the '066 Patent

47.      Defendants repeat the answers from all foregoing paragraphs as if fully set forth herein.

48.      Denied.

49.      Denied.

50.      Denied.

51.      Denied.

52.      Denied.

53.      Denied.

54.      Denied.

### <u>RESPONSE TO PRAYER FOR RELIEF</u>

Defendants deny that Plaintiff is entitled to any relief whatsoever, whether as sought in the Prayer for Relief of the Amended Complaint or otherwise.

### <u>JURY DEMAND</u>

This Paragraph is a Jury Demand which Defendants are not required to admit or deny.

## <u>AFFIRMATIVE DEFENSES</u>

Defendants assert the following affirmative defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

### FIRST AFFIRMATIVE DEFENSE

Defendants are not infringing, inducing infringement of, or contributing to infringement of, any valid and enforceable claim of the '066 Patent, either literally or under the doctrine of equivalents. Defendants have not infringed, induced infringement of, or contributed to infringement of, any valid and enforceable claim of the '066 Patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

The claims of the '066 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 102, 103, or 112.

### THIRD AFFIRMATIVE DEFENSE

The '066 Patent is unenforceable under the doctrine of inequitable conduct based on omissions and statements made to the United States Patent and Trademark Office ("USPTO") during prosecution of the Asserted Patents, resulting in the USPTO improperly granting the '066 Patent.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or prosecution disclaimer because of admissions, amendments, statements and

omissions made to the United States Patent and Trademark Office during the prosecution of the application leading to the issuance of the '066 Patent.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for relief and damages, if any, are limited by the patent laws of the United States, and the extent to which Frazer failed to comply with such laws, including without limitation 35 U.S.C. § 287(a).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims of indirect infringement are barred, in whole or in part, due to the lack of actual notice to Defendants and/or actual knowledge of the alleged acts of infringement.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, estoppel, waiver, acquiescence, and any other applicable equitable doctrine.

Defendants expressly preserve and do not knowingly or intentionally waive any other affirmative defense set forth in Rule 8 of the Federal Rules of Civil Procedure and specifically gives notice that it intends to rely upon such other defenses as may become available by law or in equity.

## COUNTERCLAIMS

Eteros Technologies Inc. ("Eteros"), and Eteros Technologies USA, Inc. ("Eteros USA") (collectively "Eteros") for its Counterclaims against Frazer Industries LLC's ("Frazer"), alleges as follows:

## THE PARTIES

1.      As alleged in the Complaint, Counterclaim Defendant Frazer is a Washington company with a principal place of business at 5980 Goodwin Rd., Cashmere WA 98815.

2.      Counterclaim Plaintiff Eteros Technologies Inc. is a Canadian corporation with its principal place of business at 202-17665 66A Ave, Surrey, BC V3S 2A7 Canada.

3.      Counterclaim Plaintiff Eteros Technologies USA Inc. is a Washington corporation with its principal place of business at 202-17665 66A Ave, Surrey, BC, V3S 2A7.

## JURISDICTION AND VENUE

4.      These Counterclaims are brought in part under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and arise under the patent laws of the United States, including 35 U.S.C. §§ 102, 103, and 112.  Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.      As demonstrated by the Amended Complaint filed by Frazer in this action, and the answer of Eteros, an actual and justiciable controversy exists between Frazer and Eteros regarding infringement, validity, and enforceability of U.S. Patent No. 11,766,066 ("the '066 Patent").

6.      Frazer is subject to personal jurisdiction in this Court as evidenced by, among other things, Frazer's consent to jurisdiction in this Court by filing the Complaint (ECF No. 1).

7.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c).

## **BACKGROUND**

8.     Frazer filed U.S Patent Application No. 15/261,894 ("the '894 Application") on September 10, 2016, which matured into the '066 Patent.  As alleged in the Complaint, Frazer owns all right, title, and interest in the '066 Patent, which was issued September 26, 2023.  (Exhibit A (ECF No. 2-1) to Complaint.)

9.     On October 16, 2018, counsel for Frazer sent a cease and desist letter to Mosman Machinery Company, Inc. d/b/a The Triminator and Dana Mosman (collectively, "Mosman"), alleging potential patent infringement of the '894 Application pending (published as U.S. Patent Publication No. 2016/0374386) and U.S. Patent No. 9,961,834 ("the '834 Patent").  (Exhibit B to Amended Complaint [Doc. No. 19-2].)

10.     Upon information and belief, Mosman replied to Frazer's cease and desist letter in October, 2018 and with respect to the '894 Application, and identified prior art to Frazer's pending patent claims.  Upon information and belief, in October 2018 Plaintiff was provided a copy of published PCT application WO2018/014135 and identified its underlying U.S. Provisional Patent Application No. 62/365,438 having a July 22, 2016 priority date, which predated Frazer's '894 Application by nearly two months.

11.     Upon information and belief, Mosman asserted in its letter that the appropriate priority date for the '894 Application was September 10, 2016.

12.     PCT application WO2018/014135, titled "Plant Stem Separating Apparatus" discloses as Claim 1:

> 1 . A plant stem separating apparatus for separating a stem from plant portions extending from the stem, the plant stem separating apparatus comprising:

a cutter comprising a blocking member and at least one aperture defined therein, the at least one aperture being sized for receiving the stem therethrough and the blocking member being positioned and configured for blocking a passage of the plant portions through the at least one aperture; and

a first roller and a second roller defining an engagement region therebetween downstream of the aperture for receiving the stem, the first and second rollers being drivable to rotate in opposite directions in a forward feeding mode to grab the stem at the engagement region and pull the stem through the aperture of the cutter, such that the plant portions are retained upstream of the blocking member while the stem is pulled through the aperture, thereby causing disengagement of the plant portions from the stem.  (Exhibit 1, cl. 1.)

      13.     Further, WO2018/014135 disclosed the following drawings:



FIGURE 1

FIGURE 2

(Exhibit 1, Figs. 1-2.)  These Figures show a plant stem apparatus with a first and second rotating

cylindrical member.

14.     In addition Figures 3A-4D show a die member including a plurality of orifices disposed within a plate:



FIGURE 3A



FIGURE 3B

15.     Frazer did not disclose either PCT application WO2018/014135 or U.S. Provisional Patent Application No. 62/365,438 to the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the '894 Application, which issued as the '066 Patent.

16.     On June 2, 2022, before the '066 Patent was allowed, Frazer sent a letter to Eteros alleging the Triminator Buckmaster product infringed a Canadian patent owned by Frazer (the "Canadian '150 Patent") and advising of the pending '894 Application. Frazer did not identify or assert specific '894 Application Claims.

17.     Eteros responded by letter dated July 21, 2022, disclosing additional prior art to the Canadian patent and the '894 Application, including the public display and sale of the Trimpro Bucker product at the Grow Pro Maximum Yield Indoor Gardening Expo ("Expo") in San

Francisco, CA on July 23-24, 2016 – almost 2 months prior to the September 10, 2016 '066 Patent priority date. (Exhibit 2.) Further, Eteros provided a copy of the U.S. Provisional Patent Application No. 62/365,438 filed on July 22, 2016 that included Figure 3, which was labeled with the Trimpro name, and configured the same as the product displayed at the Expo. Eteros also provided web.archive.org (the Way Back Machine) information reflecting that the Trimpro Bucker was offered for sale as early as August 2, 2016.  *Id.*

18.    In its July 21, 2022 letter, Eteros also provided a detailed invalidity chart to show how the prior art Trimpro Bucker anticipated and disclosed all of the elements of the Canadian '150 Patent.  (*Id.*, Exhibit D.)

19.    The Trimpro Bucker is designed to remove the flowers from the stem for cannabis harvesting, as described on its website:



(*See id.*, pp. 1-3, Exhibit B.)

20.    Indeed, the Trimpro Bucker as shown at the Expo appears similar, if not identical:

14



(*Id.*, p. 2.)

21.     On August 1, 2022, Frazer responded by stating the Canadian '150 patent was not fully disclosed by the Trimpro Bucker in July 2016, but did not refute the 2016 dates for the Trimpro Bucker.  (Exhibit 3.)  Instead, Frazer's letter specifically acknowledged "the priority date of September 10, 2016."  (*Id.*)

22.     Over 1 year later, on November 1, 2023, Frazer sent another cease-and-desist letter to Eteros alleging infringement of the recently issued '066 Patent in addition to the Canadian '150 Patent. (Exhibit 4.) On November 10, 2023, counsel for Eteros responded to Frazer and reiterated that the Trimpro Bucker displayed at the Expo in July, 2016 was anticipatory prior art. (Exhibit 5.) Eteros also expressed concern with the fact Frazer failed to disclose the Trimpro Bucker to the USPTO during the '066 Patent's prosecution, despite Frazer's knowledge of the same and Frazer's duty of disclosure under 37 C.F.R. § 1.56. (*Id.*)

23.     Eteros also discovered Frazer failed to disclose the PCT application WO2018/014135 and underlying U.S. Provisional Patent Application No. 62/365,438 to the USPTO. Both of these applications are prior art to the '066 Patent.

24.     Then, on December 27, 2023, Frazer sent another correspondence to Eteros and claimed, for the first time, that the '066 Patent was entitled to a January 13, 2009 priority date – more than 7½ years earlier than Frazer had claimed in its August 1, 2022 correspondence. (Exhibit 6.) Frazer also alleged that none of Eteros' or Mosman's prior art references could be prior art to the '066 Patent. (*Id.*)

25.     Frazer's revised claim of priority 7½ years prior to the filing of the '894 Application was surprising to Eteros and, as Eteros conveyed to Frazer, was not credible. (Exhibit 7.) The January 13, 2009 priority date relates to the filing dates of U.S. Patent Application Nos. 13/012,443 and 12/319,984 ("the 2009 Applications"), which disclose claims for harvesting hops, not cannabis. In addition, neither of the 2009 Applications disclose the use of a die member including multiple orifices. In short, these applications do not contain written support for the cannabis harvesting claims in the '066 Patent. Moreover, the named inventors on the '894 Application are different from the 2009 Applications filed on January 13, 2009.

26.     Eteros' investigation also uncovered Frazer's PCT application PCT/US17/41462, which had a filing and priority date of July 17, 2017, contained ***identical*** patent claims to those in the '894 Application. (Exhibit 7.) The filing of identical claims eight years after the alleged 2009 priority date, as Eteros explained, is "proof that all claims of the '066 patent" could not possibly be entitled to an earlier priority date. *Id.*

16

27.    Despite numerous communications between the parties, Frazer has never explained to Eteros how the '066 Patent's claims are entitled to a January 13, 2009 priority date.

## COUNT I
## Declaratory Judgment of Non-infringement

28.    Eteros incorporates the preceding paragraphs of this Counterclaim as if fully stated herein.

29.    Frazer contends it is the assignee and owner of all right, title, and interest in and to the '066 Patent.

30.    Frazer contends Eteros directly infringes, actively induces infringement, and/or contributes to the infringement of the '066 Patent by selling and offering the Eteros Buckers.

31.    The sale and offer for sale of Eteros Buckers does not, has not, and will not infringe, either directly or indirectly, and either literally or under the doctrine of equivalents, any valid and/or enforceable claim of the '066 Patent.  For example, Eteros does not make or sell any products having "a first rotating cylindrical member…substantially adjacent to [a] die member", "a second rotating member…substantially adjacent to [a] die member" or "two rotating members oriented and supported by [a] frame member in a substantially vertical configuration" as required by at least Claim 1 of the '066 Patent.

32.    An actual, immediate, and justiciable case and controversy exists between the parties regarding noninfringement of the '066 Patent, and that controversy is ripe for adjudication by this Court.

33.    Eteros is entitled to a declaratory judgment that it has not infringed, directly or indirectly, and does not infringe, directly or indirectly, and either literally or under the doctrine of equivalents, any valid and/or enforceable claim of the '066 Patent.

34.     This is an exceptional case entitling Eteros to an award of attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## COUNT II
### Declaratory Judgment of Invalidity

35.     Eteros incorporates the preceding paragraphs of this Counterclaim as if fully stated herein.

36.     The claims of the '066 Patent are invalid for failing to meet the conditions of patentability as set forth in 35 U.S.C. § 101 et seq., including sections 102, 103, and 112.

37.     The claims of the '066 Patent are invalid under 35 U.S.C. §§ 102 or 103 because, at a minimum and without limitation, the '066 Patent is anticipated or obvious in light of the prior art, which includes but is not limited to any one of, or any combination of, the following: PCT application WO2018/014135, U.S. Provisional Patent Application No. 62/365,438, and the Trimpro Bucker product displayed at a Grow Pro Maximum Yield Indoor Gardening Expo in San Francisco, CA on July 23-24, 2016 and on sale as early as August 2, 2016.  Other prior art patents and/or products which anticipate or render obvious the claims of the '066 Patent will likely be uncovered as discovery progresses.

38.     An actual, immediate, and justiciable case and controversy exists between the parties concerning the validity of the '066 Patent, and that controversy is ripe for adjudication by this Court.

39.     Eteros is entitled to a declaratory judgment that the '066 Patent is invalid.

40.     This is an exceptional case entitled Eteros to an award of attorneys' fees incurred in connection with this action under 35 U.S.C.  § 285.

## COUNT III
### Declaratory Judgment of Unenforceability

41.     Eteros incorporates the preceding paragraphs of this Counterclaim as if fully stated herein.

42.     As alleged above, Eteros responded to Frazer's cease and desist letters concerning the '066 Patent and its underlying application, the '894 Application, by providing relevant prior art, including: PCT Application WO2018/014135; U.S. Provisional Patent Application No. 62/365,438; and, the Trimpro Bucker product displayed at a Grow Pro Maximum Yield Indoor Gardening Expo in San Francisco, CA on July 23-24, 2016 and on sale as early as August 2, 2016 (hereafter, collectively, "Material Prior Art").

43.     The Material Prior Art disclosed cannabis bucking systems and apparatus, specifically disclosing the use of two rotating cylinders, a pinch point, and a die with a plurality of orifices as shown in Claim 1 of the '066 Patent.

44.     Frazer knew of the Material Prior Art through at least Eteros' correspondence from 2018 up through the '066 Patent's September 26, 2023 issuance.

45.     Frazer's patent prosecution counsel for the '066 Patent and the '894 Application is Trent Baker, undersigned counsel in this action for Frazer, who is subject to a duty of disclosure to the USPTO.

46.     As alleged above and shown in Exhibits 1-10, all of the correspondence between Frazer to Mosman and Eteros was received by Mr. Baker.

47.     Mr. Baker's knowledge is also attributable to Frazer through representing Frazer in both pre-litigation correspondence regarding the '066 Patent, and as attorney of record for the prosecution of the '066 Patent's application.

48.    Upon information and belief, the named inventors of the '066 Patent, Kerry T. Desmarais, Thomas Carpenter, Jr., Craig A. Carpenter, Matthew Ryan Beechinor, Thomas Frazer, Bill Belcourt, and Evan Bouchier, were Frazer employees during the prosecution and issuance of the '066 Patent. Upon further information and belief, these inventors were substantively involved with the prosecution of the '066 Patent and thus in contact with Mr. Baker during the time of pre-litigation correspondence and disclosure of the Material Prior Art to Mr. Baker. Accordingly, Frazer knew of the Material Prior Art also through the '066 Patent's named inventors and their involvement in prosecuting the '066 Patent and/or communicating with Mr. Baker regarding the '066 Patent.

49.    Frazer, through its named inventors, and Mr. Baker owe a duty of disclosure to the USPTO in connection with the '066 Patent.

50.    Despite knowledge of the Material Prior Art identified in Eteros' letters, Frazer and Mr. Baker intentionally failed to disclose the Material Prior Art during prosecution of the '066 Patent.

51.    In fact, Frazer and Mr. Baker failed to file a single Information Disclosure Statement during the prosecution of the '066 Patent's application, despite the duty of disclosure under 37 C.F.R. § 1.56.

52.    The Material Prior Art would have been material to the patentability under the "but-for" materiality standard, as shown in part by the Examiner's own search for and citation of prior art to reject the claims.

53.    The Material Prior Art is also material to patentability because the Examiner expressly rejected at least Claim 1 of the '066 Patent, which remained original and unchanged

throughout prosecution, because upon rejecting Claim 1 under 35 U.S.C. § 103(a), he stated that the cited references disclosed all elements of Claim 1 except for a "plurality of orifices" that were "within six inches of the pinch region."

54.     Furthermore, in its October 23, 2018 letter to Mr. Baker and Frazer, Mosman specifically raised this basis for rejection and noted the "plurality of orifices" limitation was at most entitled to a September 10, 2016 priority date when Mosman provided WO2018/014135 and U.S. Provisional Application No. 62/365,438 as prior art.

55.     As shown above, the Material Prior Art includes a plurality of orifices used in a cannabis bucking system, and thus, would have been material to patentability on this basis, among others.  Specifically, all of the Material Prior Art show "at least one aperture" (i.e., opening), with the Trimpro Bucker having multiple openings for stems.  The Material Prior Art thus includes the very same limitation the Examiner was not able to find through his own search.

56.      The Material Prior Art was not cumulative of what was before the Examiner.

57.     The Examiner was unaware of the Material Prior Art because Frazer did not submit any information disclosure statement nor identify it elsewhere in the prosecution history of the '066 Patent.

58.     But for Frazer and Mr. Baker's failure to disclose this material information, the '066 Patent would not have been issued because the Examiner would have rejected at least Claim 1 as anticipated or obvious in view of the Material Prior Art.

59.     The circumstances surrounding the prosecution of the '066 Patent, including the various cease and desist letters between Frazer on the one hand, and Eteros and Mosman on the other, dating back to 2018, support a reasonable inference of specific intent to deceive the USPTO.

21

60.     Accordingly, the failure to disclose the Material Prior Art was not the result of oversight or negligence, but was undertaken with the specific intent to mislead and deceive the USPTO into issuing patents that would otherwise have been rejected.

61.     An actual, immediate, and justiciable case and controversy exists between the parties concerning the validity and unenforceability of the '066 Patent, and that controversy is ripe for adjudication by this Court.

62.     Eteros is entitled to a declaratory judgment that the '066 Patent is unenforceable.

63.     This is an exceptional case entitling Eteros to an award of attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Eteros prays for judgment as follows:

A.     That Plaintiff's Amended Complaint be dismissed with prejudice and Plaintiff take nothing thereby;

B.     That the Court declare the '066 Patent invalid;

C.     That the Court declare the '066 Patent unenforceable;

D.     That the Court declare Eteros has not infringed, and is not infringing, any claim of the '066 Patent;

E.     That Eteros be awarded its reasonable attorneys' fees and costs, and that the Court enter an order or judgment declaring this is an exceptional case under 35 U.S.C. § 285;

F.     That the Court award interest to Eteros at the highest rate allowable by law; and

G.     For such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Eteros demands trial by jury of all issues in this matter of which trial by jury is permitted.

DATED this 11th day of August 2025.

Respectfully submitted,

FISHERBROYLES, LLP

*/s/ Ian R. Walsworth*
Ian R. Walsworth (*pro hac vice*)
Patricia Y. Ho (*pro hac vice*)
FISHERBROYLES LLP
999 18th Street, Suite 3000
Denver, CO 80202
Telephone: (303) 803-6158

Brian N. Platt (USB 17099)
BPlatt@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple, Suite 100
Salt Lake City, UT 84111
Telephone: (801) 533-9800

*Attorneys for Defendants*
Eteros Technologies Inc.
Eteros Technologies USA, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, I electronically filed the foregoing Answer and Counterclaim to Amended Complaint with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Trent H. Baker (8799)
BAKER IP PLLC
921 South Main Street #3147 Cedar City, UT 84720
Telephone: (801) 618-3359
trent@bakerip.com

S. Brandon Owen (9971)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Post Office Box 45385
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543 bowen@rqn.com

*Attorneys for Plaintiff Frazer Industries LLC*

*/s/ Ian R. Walsworth*