**EXHIBIT 3 TO
ANSWER AND COUNTERCLAIM
TO AMENDED COMPLAINT**



August 1, 2022                                                                 Sent via EMAIL only

Russell Manning Russell.manning@fisherbroyles.com
Fisher Broyles
16 Market Square
1400 16th Street, Ste. 400
Denver., CO 80202


RE:   Canadian Patent No 3,001,150
      Eteros Technologies

Dear Mr. Manning:

We received your letter dated July 21, 2022.  We respectfully disagree that the evidence provided establishes that the '150 Patent was fully disclosed by the Trimpro Bucker in July 2016.

First, the Trimpro Bucker was always displayed with the cover in all of the photos, video, website, and instructions referenced in your letter.  A public disclosure requires that the entirety of the technology be disclosed such that one could practice the invention. Without the cover removed, it would not be possible for someone to identify whether the Trimpro Bucker includes one or two rollers, or how the rollers are positioned in relation to the orifices.  It appears Trimpro was following the practice of intentionally concealing the inner workings of the device so as to maintain trade secret protection.

Second, there is insufficient evidence that the Trimpro Bucker displayed at the Grow Pro Maximum Yield Indoor Gardening Expo on July 23-24, 2016 was in fact the exact same device as that contained in the US provisional patent application 62/365,438.  Given the timing of the provisional filing date of the provisional application, it is likely that the product displayed at the event was substantially different than that which was described in the provisional application.

Third, the claim chart references a vague statement from a Triminator representative regarding the novel distance between the orifice and pinch point of the Trimpro Bucker being 4 inches or less.  How was the Triminator representative able to make this visual measurement with the cover on the Trimpro Bucker? It is uncommon for a tradeshow representative to open a machine and explain the technical operation to a competitor. Since Eteros now owns Triminator, this statement is inherently unreliable.

For at least these reasons, it is unreasonable to claim that a public disclosure of the '150 patent occurred prior to the priority date of September 10, 2016, and therefore the '150 is

valid in view of the Trimpro Bucker.  To avoid litigation, we suggest a conference call to discuss a reasonable license or cooperative relationship.

Sincerely,

Trent H. Baker
Registered Patent Attorney Since 2000
BAKER IP PLLC
124 South Main Street #3147
Cedar City, UT 84720 USA
Phone 801-618-3359
trent@bakerip.com

BAKER IP PLLC patent • trademark • conflict • international
124 South Main Street #3147 Cedar City, UT 84720
phone 801-618-3359 • www.bakerip.com • admin@bakerip.com