Trent H. Baker (8799)
**BAKER IP PLLC**
921 South Main Street #3147
Cedar City, UT 84720
Telephone: (801) 618-3359
trent@bakerip.com

S. Brandon Owen (9971)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Post Office Box 45385
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
bowen@rqn.com

*Attorneys for Plaintiff Frazer Industries LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| FRAZER INDUSTRIES LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ETEROS TECHNOLOGIES INC., a Canadian corporation; and ETEROS TECHNOLOGIES USA, INC., a Washington corporation,<br><br>Defendants. | **ANSWER TO COUNTERCLAIM**<br><br>Case No. 2:25-cv-00202-JNP-DBP<br><br>Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Frazer Industries LLC ("Frazer") answers the Counterclaim of Defendants Eteros Technologies Inc. and Eteros Technologies USA, Inc. (collectively "Eteros") as follows:

## THE PARTIES

1. Frazer admits the allegations of paragraph 1.

2. Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 and on that ground denies them.

3. Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 and on that ground denies them.

## JURISDICTION AND VENUE

4. The allegations of paragraph 4 assert legal conclusions to which no response is necessary. To the extent a response is necessary, Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 and on that ground denies them.

5. Frazer admits that it filed an Amended Complaint in this action, and that Eteros filed an answer. The other allegations of paragraph 5 assert legal conclusions to which no response is necessary. To the extent a response to those allegations is necessary, Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of these allegations and on that ground denies them.

6. The allegations of paragraph 6 assert legal conclusions to which no response is necessary. To the extent a response is necessary, Frazer lacks knowledge and information

sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 and on that ground denies them.

7. The allegations of paragraph 7 assert legal conclusions to which no response is necessary. To the extent a response is necessary, Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and on that ground denies them.

## BACKGROUND

8. Frazer admits that U.S. Patent Application No. 15/261,894 ("the '894 Application") was filed with the United States Patent and Trademark Office. Frazer admits that the United States Patent and Trademark Office allowed the '894 Application and issued U.S. Patent No. 11,766,066 ("the '066 Patent"). Frazer admits that it owns all right, title, and interest in the '066 Patent. As for the filing and issuance dates, the '894 Application and the '066 Patent speak for themselves. Frazer denies any allegations of paragraph 8 inconsistent with those documents.

9. Frazer admits that counsel for Frazer sent a letter to Mosman Machinery Company. As for the content of that letter, the letter speaks for itself. Frazer denies any allegations of paragraph 9 inconsistent with the letter.

10. Frazer admits that counsel for Mosman sent a letter to counsel for Frazer. As for the content of that letter, the letter speaks for itself, and Frazer denies any allegations of paragraph 10 inconsistent with the letter. Frazer expressly denies that Mosman identified any disclosures that predate the earliest effective filing date of the '894 Application. Frazer expressly denies that Mosman identified any disclosures that anticipate or render obvious the claims of the

'894 Application. Frazer otherwise lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 and on that ground denies them.

11. Frazer admits that counsel for Mosman sent a letter to counsel for Frazer. As for the content of that letter, the letter speaks for itself, and Frazer denies any allegations of paragraph 11 inconsistent with the letter. Frazer denies that all claims in the '894 Application had a priority date of September 10, 2016.

12. PCT application WO2018/014135 speaks for itself. Frazer denies any allegations of paragraph 12 inconsistent with that application. Frazer denies any characterizations of the content of PCT application WO2018/014135.

13. PCT application WO2018/014135 speaks for itself. Frazer denies any allegations of paragraph 13 inconsistent with that application. Frazer denies any characterizations of the content of PCT application WO2018/014135.

14. PCT application WO2018/014135 speaks for itself. Frazer denies any allegations of paragraph 14 inconsistent with that application. Frazer denies any characterizations of the content of PCT application WO2018/014135.

15. The prosecution file of the '894 Application speaks for itself. Frazer denies any allegations of paragraph 15 inconsistent therewith.

16. Frazer admits that counsel for Frazer sent a letter to counsel for Eteros. As for the content of that letter, the letter speaks for itself. Frazer denies any allegations of paragraph 16 inconsistent with the letter.

17. Frazer admits that counsel for Eteros sent a letter to counsel for Frazer. As for the content of that letter, the letter speaks for itself. Frazer denies any allegations of paragraph 17

inconsistent with the letter. Frazer expressly denies that all claims in the '066 Patent have a priority date of September 10, 2016. Frazer denies that Eteros identified any disclosures that predate the earliest effective filing date of the '066 Patent. Frazer denies that Eteros identified any disclosure that anticipated or rendered obvious the claims of the asserted patent. As for U.S. Provisional Patent Application No. 62/365,438, the application speaks for itself, and Frazer denies any allegations inconsistent therewith. Frazer otherwise lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 and on that ground denies them.

18. Frazer admits that counsel for Eteros sent a letter to counsel for Frazer. As for the content of that letter, the letter speaks for itself, and Frazer denies any allegations of paragraph 18 inconsistent with the letter. Frazer expressly denies that Eteros identified any disclosure that predates the earliest effective filing date of the patent asserted in the letter or that anticipates or renders obvious the claims of the patent asserted in the letter.

19. Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 and on that ground denies them.

20. Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 and on that ground denies them.

21. Frazer admits that counsel for Frazer sent a letter to counsel for Eteros. As for the content of that letter, the letter speaks for itself, and Frazer denies any allegations of paragraph 21 inconsistent with the letter.

22. Frazer admits that counsel for Frazer sent a letter to counsel for Eteros and that counsel for Eteros subsequently sent a letter to counsel for Frazer. As for the content of those

letters, the letters speak for themselves, and Frazer denies any allegations of paragraph 22 inconsistent with the letters. Frazer expressly denies that Eteros identified any disclosures that predate the earliest effective filing date of the '066 Patent. Frazer denies that Eteros identified any disclosures that anticipate or render obvious the claims of the '066 Patent.

23.     Frazer denies that PCT application WO2018/014135 and U.S. Provisional Patent Application No. 62/365,438 predate the earliest effective filing date of the '066 Patent. Frazer denies that those applications anticipate or render obvious the claims of the '066 Patent. Frazer otherwise lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 and on that ground denies them.

24.     Frazer admits that counsel for Frazer sent a letter to counsel for Eteros. As for the content of that letter, the letter speaks for itself. Frazer denies any allegations of paragraph 24 inconsistent with the letter.

25.     Frazer denies that a claim of priority to the filing of the '894 Application was not credible and denies that all claims in the '894 Application lack written support in earlier applications. As to allegations regarding the content of U.S. Patent Application Nos. 13/012,443 and 12/319,984, the '066 Patent, and the '894 Application, those documents speak for themselves, and Frazer denies any allegations of paragraph 25 inconsistent therewith. Frazer otherwise lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 and on that ground denies them.

26.     PCT application PCT/US17/41462 and the '894 Application speak for themselves, and Frazer denies any allegations of paragraph 26 inconsistent therewith. As to the

remaining allegations, Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations and on that ground denies them.

27. Frazer denies the allegations of paragraph 27.

## COUNT I
### Declaratory Judgment of Non-infringement

28. Frazer incorporates by reference its foregoing responses to the allegations of the Counterclaim as if fully stated herein.

29. Frazer admits that it owns all right, title, and interest in and to the '066 Patent.

30. The Amended Complaint speaks for itself. Frazer denies any allegations of paragraph 30 inconsistent with the Amended Complaint.

31. Frazer denies the allegations of paragraph 31.

32. The allegations of paragraph 32 assert legal conclusions to which no response is necessary. To the extent a response is necessary, Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 32 and on that ground denies them.

33. Frazer denies the allegations of paragraph 33.

34. Frazer denies the allegations of paragraph 34.

## COUNT II
### Declaratory Judgment of Invalidity

35. Frazer incorporates by reference its foregoing responses to the allegations of the Counterclaim as if fully stated herein.

36. Frazer denies the allegations of paragraph 36.

37. Frazer denies the allegations of paragraph 37.

38. The allegations of paragraph 38 assert legal conclusions to which no response is necessary. To the extent a response is necessary, Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 38 and on that ground denies them.

39. Frazer denies the allegations of paragraph 39.

40. Frazer denies the allegations of paragraph 40.

## COUNT III
### Declaratory Judgment of Unenforceability

41. Frazer incorporates by reference its foregoing responses to the allegations of the Counterclaim as if fully stated herein.

42. As for the contents of the parties' letters, the letters speak for themselves, and Frazer denies any allegations in paragraph 42 inconsistent with the letters. Frazer expressly denies that Eteros identified material prior art. Frazer denies that the cited disclosures predate the earliest effective filing date of the '066 Patent and denies that the cited disclosures anticipate or render obvious the claims of the '066 Patent.

43. Frazer denies that Eteros has identified any material prior art and therefore denies the allegations of paragraph 43.

44. Frazer denies that Eteros has identified any material prior art and therefore denies the allegations of paragraph 44.

45. The prosecution file of the '066 Patent and the '894 Application and the docket of this action speaks for themselves. Frazer denies any allegations of paragraph 45 inconsistent therewith. The allegations of paragraph 45 are otherwise legal conclusions to which no response is necessary. To the extent a response is necessary, Frazer lacks knowledge and information

8

sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 and on that ground denies them.

46. Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 46 and on that ground denies them.

47. The allegations of paragraph 47 are legal conclusions to which no response is necessary. To the extent a response is necessary, Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 47 and on that ground denies them.

48. As to the allegations regarding the '066 Patent, the '066 Patent speaks for itself, and Frazer denies any allegations of paragraph 48 inconsistent therewith. Frazer denies that Eteros has identified any material prior art and therefore denies the remaining allegations of paragraph 48.

49. The allegations of paragraph 49 are legal conclusions to which no response is necessary. To the extent a response is necessary, Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 and on that ground denies them.

50. Frazer denies the allegations of paragraph 50.

51. The prosecution file of the '066 Patent speaks for itself. Frazer denies any allegations of paragraph 51 inconsistent therewith.

52. Frazer denies the allegations of paragraph 52.

53. Frazer denies the allegations of paragraph 53.

54. As for the contents of the parties' letters, the letters speak for themselves, and Frazer denies any allegations in paragraph 54 inconsistent with the letters.

55. Frazer denies the allegations of paragraph 55.

56. Frazer denies the allegations of paragraph 56.

57. Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 57 and on that ground denies them.

58. Frazer denies the allegations of paragraph 58.

59. Frazer denies the allegations of paragraph 59.

60. Frazer denies the allegations of paragraph 60.

61. The allegations of paragraph 61 are legal conclusions to which no response is necessary. To the extent a response is necessary, Frazer lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 61 and on that ground denies them.

62. Frazer denies the allegations of paragraph 62.

63. Frazer denies the allegations of paragraph 63.

Frazer further denies all headings and all paragraphs of Eteros' Prayer for Relief and affirmatively denies that Eteros is entitled to any relief. Frazer denies all headings and other statements in the Counterclaim and denies each and every allegation of the Counterclaim not specifically admitted.

## REQUEST FOR RELIEF

Having fully answered the allegations of the Counterclaim, Frazer respectfully requests that the Court enter judgment:

    A.    Dismissing with prejudice all claims against Frazer;

    B.    Awarding Frazer its costs of suit, including its reasonable attorney fees; and

    C.    Granting such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Frazer further asserts the following affirmative defenses without assuming the burden of proof on any issue for which Eteros bears the burden of proof. Frazer reserves the right to amend this answer and raise additional affirmative defenses as discovery progresses.

### FIRST DEFENSE

The Counterclaims should be dismissed, in whole or in part, because they fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Counterclaims should be dismissed, in whole or in part, because they fail to state with particularity the circumstances constituting fraud or mistake.

### THIRD DEFENSE

On information and belief, Eteros' claims, in whole or in part, are barred by the doctrines of unclean hands, estoppel, laches, and/or waiver.

**FOURTH DEFENSE**

Eteros has infringed and continues to infringe the '066 Patent by making, using, selling, and/or offering for sale at least the BuckMaster, BuckMaster Pro, and the MBX Bucker (the "Accused Products") in the United States and importing into the United States the Accused Products that embody or use the inventions claimed in the '066 Patent.

On information and belief, Eteros has been and is inducing infringement of the '066 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import the Accused Products that embody or use the inventions claimed in the '066 Patent.

On information and belief, Eteros has been contributorily infringing and is continuing to contributorily infringe the '066 Patent by selling or offering to sell the Accused Products, knowing them to be especially made or especially adapted for practicing the invention of the '066 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**FIFTH DEFENSE**

The '066 Patent is valid.

**SIXTH DEFENSE**

The '066 Patent is enforceable.

DATED this 2nd day of September 2025.

        RAY QUINNEY & NEBEKER P.C.

        /s/ S. Brandon Owen
        S. Brandon Owen

        BAKER IP PLLC

        Trent Baker

        *Attorneys for Plaintiff Frazer Industries LLC*

1718684